NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENE VASQUEZ-GARCIA, AKA Juan Gonzalez Garcia, <br><br>          Petitioner, <br><br>    v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>          Respondent. | No.    19-73134 <br><br> Agency No. A070-954-693 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021[**]

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Rene Vasquez-Garcia, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming an

immigration judge's ("IJ") decision terminating asylum status and denying his

application for asylum, withholding of removal, and relief under the Convention

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of discretion the agency's particularly serious crime determination.  *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015).  We review for substantial evidence the agency's factual findings.  *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).  We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in determining that Vasquez-Garcia's conviction under Cal. Health & Safety Code § 11352(a) was a particularly serious crime that barred him from withholding of removal, where it applied the appropriate factors to weigh the seriousness of the crime in a case-specific inquiry.  *See Avendano-Hernandez*, 800 F.3d at 1077 ("Our review is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach this conclusion." (internal quotation marks and citation omitted)).  Thus, Vasquez-Garcia's withholding of removal claim fails.

Vasquez-Garcia does not raise, and therefore waives, any challenge to the agency's denial of deferral of removal under CAT and the termination and denial of asylum.  Thus, these issues are waived.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not specifically raised and argued in the opening brief).

We lack jurisdiction to consider Vasquez-Garcia's contentions as to the

conduct of proceedings and alleged errors and delays by the IJ, government counsel, and government agency officials because he did not raise any of these issues to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 1) is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**